# IMMIGRANT RIGHTS CLINIC
## WASHINGTON SQUARE LEGAL SERVICES, INC.
245 SULLIVAN STREET, 5TH FLOOR
NEW YORK, NEW YORK 10012
TEL: 212-998-6430
FAX: 212-995-4031

ALINA DAS
NANCY MORAWETZ
JESSICA ROFÉ
*Supervising Attorneys*

CYNTHIA LEE
AMY JOSEPH
*Legal Interns*

February 6, 2020

**MEMO ENDORSED**

*Via ECF*

Hon. Edgardo Ramos
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: February 7, 2020

    Re:    *Darboe v. Decker*, 1:19-cv-11393-ER
             Petitioner's Letter Seeking Release Under *Mapp v. Reno*

Dear Judge Ramos,

    We represent Petitioner Ousman Darboe in the above-referenced case. We write to inform the Court that Mr. Darboe was granted a full and unconditional pardon of his sole criminal conviction for robbery in the third degree. *See* Exh. A (Pardon of Ousman Darboe). In light of these extraordinary circumstances—where the Government's justification for 30 months of detention no longer exists, and where the petitioner and his family are suffering daily harm as a result of that unjustified detention—we write to respectfully request Mr. Darboe's release pending resolution of his petition under *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001).

    This Court has the inherent authority to order his immediate release pursuant to *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001).[1] *Accord Elkimya v. Dep't of Homeland Security*, 484 F.3d 151, 154 (2d Cir. 2007). In *Mapp,* the Second Circuit held that federal courts have inherent authority to set bail pending the adjudication of a habeas petition when the petition has raised substantial claims and extraordinary circumstances "make the grant of bail necessary to make the habeas remedy effective." *Mapp v. Reno*, 241 F.3d 221, 230 (2d Cir. 2001).

    Courts have held that a *Mapp* inquiry pending resolution of a noncitizen habeas corpus petition involves the consideration of "(1) whether the petition raises substantial claims and (2)

---

[1] The Government contests venue and personal jurisdiction in this case, but does not argue that this Court lacks subject matter jurisdiction over Mr. Darboe's petition. The Court therefore retains its authority to order Mr. Darboe's release under *Mapp* while the question of venue and the substance of Mr. Darboe's constitutional and legal claims are pending. Mr. Darboe will be filing his memorandum in opposition to the Government's motion to dismiss or transfer the case on February 7, 2020, the date scheduled for Mr. Darboe's reply brief (the Government filed a motion to dismiss on its return date instead of responding to the claims in the petition).

whether extraordinary circumstances exist[ ] that make the grant of bail necessary to make the ... remedy effective." *S.N.C. v. Sessions,* No. 18 CIV. 7680 (LGS), 2018 WL 6175902, at *6 (internal quotation marks and citations omitted); *see also Ramatu Kiadii v. Sessions*, 18-cv-1584 (AT), at *2 (S.D.N.Y. Mar. 2, 2018). Extraordinary circumstances include the length of detention, the absence of indicia of flight risk or dangerousness, strong family or community ties, health concerns, and impact on minor children. *See, e.g., S.N.C.,* 2018 WL 6175902, at *6 (ordering immediate release in light of petitioner's need for counseling and care for her minor children); *Kiadii*, No. 18-cv-1584 (AT), at *3 (ordering immediate release when the petitioner presented evidence that "her health has deteriorated while in ICE's custody"); *D'Alessandro v. Mukasey*, No. 08 Civ. 914, 2009 WL 799957, at *3 (W.D.N.Y. Mar. 25, 2009) (ordering immediate release given his prolonged detention, his "strong family ties," "a number of serious, potentially debilitating health problems," and.that "[t]here is no evidence in the record whatsoever to support a finding that D'Alessandro is a flight risk or is a danger to the community").

Mr. Darboe meets this standard. First, Mr. Darboe's petition raises substantial constitutional and statutory claims. His petition argues that he has been provided a constitutionally inadequate bond hearing; that his detention of 30 months is unconstitutionally prolonged; that his warrantless arrest violated his constitutional rights; and that any move outside the jurisdiction of the New York Immigration and Customs Enforcement (ICE) Field Office would impair his liberty interests in family unity, access to counsel, and access to courts. These claims cut to the heart of immigrants' due process rights. He demonstrates a likelihood of success on the merits of this petition. On at least one of the claims—relating to his constitutionally adequate hearing—this Court has agreed that placing the burden on the person in detention to justify release is constitutional error. *See Darko v. Sessions*, 342 F. Supp. 3d 429, 436 (S.D.N.Y. 2018) (Ramos, J.). On the prolonged detention claims, numerous courts in this District have held that detention of periods much shorter than 30 months have been unconstitutionally prolonged. *See, e.g., Arce-Ipanaque v. Decker*, No. 19-CV-1076 (JMF), 2019 WL 2136727, at *3 (S.D.N.Y. May 15, 2019) (21 months); *Gomes Herbert v. Decker*, No. 19-CV-760 (JPO), 2019 WL 1434272, at *4 (S.D.N.Y. Apr. 1, 2019) (9 months); *Hernandez v. Decker*, No. 18-CV-5026 (ALC), 2018 WL 3579108, at *12 (S.D.N.Y. July 25, 2018), *appeal withdrawn,* No. 18- 2824, 2019 WL 1377025 (2d Cir. Feb. 5, 2019) (9 months); *Brissett v. Decker*, 324 F. Supp. 3d 444 (S.D.N.Y. 2018) (9 months); *Lett v. Decker*, 346 F. Supp. 3d 379, 389 (S.D.N.Y. 2018) (10 months); *Gil Cabral v. Decker*, 18 Civ. 4823 (JGK), 331 F.Supp.3d 255, 261–62 (S.D.N.Y. 2018) (7 months); *Perez v. Decker*, No. 18-CV-5279 (VEC), 2018 WL 3991497, at *6 (S.D.N.Y. Aug. 20, 2018) (9 months); *Sajous v. Decker*, No. 18-CV-2447 (AJN), 2018 WL 2357266, at *1 (S.D.N.Y. May 23, 2018) (8 months). On these bases alone, Mr. Darboe more than demonstrates a likelihood of success.

In addition, Mr. Darboe's case exemplifies "extraordinary circumstances." Mr. Darboe is a husband to a U.S. citizen who suffers from Post Traumatic Stress Disorder stemming from the abuse she experienced as a child. Pet'n ¶ 42; Pet'n Ex. E-F. Together, Mr. and Mrs. Darboe have a child, S., who was born after Mr. Darboe was detained and has only known her father in the confines of a jail. Pet'n ¶¶ 36-44. As she enters toddlerhood—turning 2 years old in April—her social and emotional need for her father's presence will only deepen, as will the harm caused by

their separation.[2] Since being housed in Bergen County Jail over a year ago (transferred there by ICE from Hudson County Jail, Varick Processing Center, and 26 Federal Plaza prior to that), Mr. Darboe has not held his daughter in his arms. He is instead forced to see her and all family visitors through plexiglass, as per the jail's "no contact" visitation policy.[3] The family has also suffered economically in Mr. Darboe's absence, plunging into homelessness for roughly a year before transitioning into housing, a precarious situation threatened most recently by a recent loss of employment for Mrs. Darboe due to her lack of adequate childcare and the upcoming need for surgery. *See* Decl. of Sophia Gurulé, Esq.

In addition, on February 3, 2020, Governor Andrew Cuomo granted Mr. Darboe a pardon his sole criminal conviction, a robbery offense. *See* Ex. A. ICE's position in Mr. Darboe's case, and the Immigration Judge denial of his bond hearing, have been predicated on Mr. Darboe's criminal conviction history, which no longer exists. It is the highest demonstration of redemption that a person may obtain, and is owed full faith and credit. Mr. Darboe's counsel promptly informed the Government of Mr. Darboe's pardon and requested his immediate release, but to date Mr. Darboe remains in immigration jail, separated from his family and community. As of today's date, 921 days have passed since their family was whole.

Mr. Darboe's pardon petition was supported by a long list of community organizations and leaders, including the full support of reentry service providers including Getting Out Staying Out and the Bronx Defenders. Pet'n Ex. C (Reentry Letters from GOSO and Bronx Defenders). If released, Mr. Darboe will be able to return to his family, and provide them the love and support they need.

The Government's decision to incarcerate someone in Mr. Darboe's position is extraordinary, and merits immediate release under *Mapp*. Mr. Darboe has been detained for two and a half years without a constitutionally adequate bond hearing, and challenges the Government's failure to meet its burden to justify Mr. Darboe's ongoing and prolonged detention. Even after receiving a pardon of his sole criminal conviction from the Governor of New York, Mr. Darboe remains in an immigration jail, separated from his wife and child, who suffer in his absence. These circumstances "make the grant of bail necessary to make the habeas remedy effective." *Mapp*, 241 F.3d at 230. We implore the Court to exercise its undisputed inherent authority under *Mapp* to consider these factors and order Mr. Darboe's immediate release.

Dated: February 6, 2020
New York, NY

Respectfully submitted,

/s/ Alina Das

_____

Alina Das, Esq. (AD 8805)
Cynthia Lee, Legal Intern

---

[2] American Immigration Council, *U.S. Citizen Children Impacted by Immigration Enforcement* (Nov. 22, 2019), *at* https://www.americanimmigrationcouncil.org/research/us-citizen-children-impacted-immigration-enforcement (collecting studies about the harm young children suffer when a parent is detained)

[3] Matt Katz, *No Family Contact Visits Allowed: Life for Immigrants in Bergen County Jail,* WNYC (Sept. 20, 2018), *at* https://www.wnyc.org/story/no-family-contact-visits-allowed-life-immigrants-bergen-county-jail/.

3

                    Amy Joseph, Legal Intern
                    WASHINGTON SQUARE LEGAL SERVICES
                    IMMIGRANT RIGHTS CLINIC
                    NYU Law School
                    245 Sullivan Street, 5th Floor
                    New York, NY 10012
                    Tel: (212) 998-6467
                    alina.das@nyu.edu

cc: AUSA Michael Byars, Counsel for Respondents

> Respondents are directed to respond to this letter by February 13, 2020.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: February 7, 2020
> New York, New York

4