UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Ousman Darboe,

                            Petitioner,

              – against –

STEVEN AHRENDT, *in his official capacity as Warden of the Bergen County Jail*; WILLIAM BARR, *in his official capacity as Attorney General of the United States*; THOMAS R. DECKER, *in his official capacity as New York Field Office Director for U.S. Immigration and Customs Enforcement*; CHAD WOLF, *in his official capacity as Acting Secretary of Homeland Security*; UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

                          Respondents.

**ORDER & OPINION**

19 Civ. 11393 (ER)

---

Ramos, D.J.:

       Petitioner Ousman Darboe ("Darboe"), filed the instant petition for a writ of habeas corpus and complaint for declaratory and injunctive relief pursuant to 28 U.S.C. § 2241; the All Writs Act, 28 U.S.C. § 1651; the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.; the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq.; and Article I, Section 9, Clause 2 of the U.S. Constitution. Doc. 1. Specifically, Petitioner challenges his continued detention by immigration authorities and seeks injunctive and declaratory relief, as well as immediate release from detention or a bond hearing.

       On December 12, 2019, Petitioner filed the instant petition challenging the sufficiency of process at his bond hearing, at which he was denied his request to be released on bond. Petitioner argues that the presiding Immigration Judge improperly placed on him the burden of proof to show that continuing civil detention was unwarranted. On February 3, 2020,

Respondents moved the Court to dismiss the case for lack of jurisdiction, or alternatively to transfer the case to the U.S. District Court for the District of New Jersey, the district where Petitioner is confined.

To entertain a habeas corpus petition under 28 U.S.C. § 2241, a court must have jurisdiction over the petitioner's custodian. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973) (explaining that writ of habeas corpus does not act upon prisoner seeking relief, but upon his or her custodian). Accordingly, a habeas corpus petition should name as the respondent "the person who has custody over [the petitioner]," 28 U.S.C. § 2242, that is, the petitioner's "immediate custodian," *Rumsfeld v. Padilla*, 542 U.S. 426, 439–40 (2004). "[I]n habeas challenges to present physical confinement—'core challenges'[1]—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held," and the writ is issuable only in "the district of confinement." *Rumsfeld*, 542 U.S. at 436, 442.

Although *Padilla* did not specifically address its default rule in the immigration habeas context, and there is no direct Second Circuit authority on this issue, an overwhelming majority of courts in this District have applied *Padilla*'s default rule to "core" habeas challenges in the immigration context. *See Sanchez v. Decker*, No. 19 Civ. 8354 (RA), 2019 WL 6311955 at *3 (S.D.N.Y. Nov. 25, 2019) (citing *Almazo v. Decker*, No. 18 Civ. 9941 (PAE), 2018 WL 5919523, at *1 (S.D.N.Y. Nov. 13, 2018)). As Respondents correctly point out, this Court has ruled on this very issue in line with the majority on at least five prior occasions. *See Heller v. Barr*, No. 19 Civ. 4003 (ER), 2019 WL 2223183 (S.D.N.Y. May 22, 2019); *Wellington v. Barr*, No. 19 Civ. 1986 (ER), 2019 WL 1433294 (S.D.N.Y Mar. 27, 2019); *Jurek v. Decker*, No. 18

---

[1] "Non-core" challenges include challenges to forms of custody other than physical confinement, including orders of removal. *See, e.g.*, *Somir v. United States*, 354 F. Supp. 2d 215, 217 n.2 (E.D.N.Y. 2005) (collecting cases).

Civ. 9285 (ER), 2018 WL 644216 (S.D.N.Y. Dec. 6, 2018); *Cesar v. Shanahan*, No. 17 Civ. 7974 (ER), 2018 WL 1747989 (S.D.N.Y. June 5, 2015); *Rone v. Holder*, No. 15 Civ. 2815 (ER), 2015 WL 13722402 (S.D.N.Y. June 5, 2015). Here, because Darboe's challenge goes directly to his continued detention, the Court finds that Darboe raises a "core" habeas challenge. As this Court previously held in *Heller*, Darboe's challenge regarding the sufficiency of the bond hearing does not transform his petition into a non-core challenge because the relief sought would still be a bond hearing, at which Darboe can challenge his continued detention. Therefore, venue is only proper in the District of New Jersey, the district of Darboe's confinement, with Petitioner's immediate custodian being the only proper respondent.

Darboe urges this Court to deviate from its prior rulings and find that Respondent Decker, the Director of Immigration and Customs Enforcement's ("ICE") New York City Field Office, is the proper respondent in this case. Specifically, Darboe argues that Decker is the official who has the power to transport, transfer, or release him, and exercises "operational control" over him. However, as other courts in this district have explained, the fact that ICE retains some decision-making authority over Darboe's detention "does not change the fact that the warden is quite literally Darboe's immediate physical custodian." *See Sanchez*, 2019 WL 6311955 at *4; *see also Lemus-Pineda v. Whittaker*, 354 F.Supp. 3d 473, 475 (S.D.N.Y. 2018) (internal citations omitted); *see also Golding v. Sessions*, No. 18 Civ. 3036 (RJS), 2018 WL 6444400 at *3 (S.D.N.Y. Dec. 6, 2018). Nor does the contractual relationship between the detention facility and ICE change that determination. *See id.*

Darboe also attempts to show that Decker exercises some immediate operational control over Darboe, citing as evidence the ICE National Detainee Handbook (the "ICE Handbook"), *see* Doc. 17 Ex. C, and the ICE Performance-Based National Detention Standards 2011 ("ICE

3

Standards"), *see* Doc. 17 Ex. B. However, as another court in this District similarly observed, neither the ICE Handbook nor the ICE Standards demonstrates that Decker exercises "day-to-day" control over Darboe while he is detained. *See Sanchez*, 2019 WL 6311955 at *5. To the contrary, they show that the detention facility is responsible for providing food, clothing, care and housing. *See id.*; *see also* Doc. 17 Ex. C at 11—12; *see also* Doc. 17 Ex. B at 241—407. In addition, the ICE Handbook emphasizes from the beginning that "it is important that [a detainee] understand[s] and follow[s] the [local] rules" and "one of [a detainee's] main responsibilities is to learn and follow all the facility's rules, regulations and instructions." *See* Doc. 17 Ex. C at 4. If a detainee fails to follow the local rules, the ICE Handbook makes it clear that it is the detention facility that may discipline the detainee, not ICE. *See id* at 4-5. Accordingly, neither the ICE Handbook nor the ICE Standards changes this Court's determination that Steven Ahrendt, the warden of the Bergen County Jail, is quite literally Darboe's immediate custodian.

Lastly, Darboe contends that the default rule leads to absurd results. Specifically, Darboe contends that under the default rule, if ICE were to transfer Darboe to a different facility after he files his petition, Warden Ahrendt would still be the only named respondent even though he would have no further involvement in Darboe's continued detention. Notwithstanding the fact that that is often the case in all habeas petitions, criminal or immigration, Darboe's argument does not go to the central question presented here, which is whether or not Warden Ahrendt is Darboe's immediate custodian. Once that question is answered in the affirmative, the Court is left with only one course of action under *Padilla*, which is to transfer the instant petition to the district of Darboe's confinement with Warden Ahrendt as the only proper respondent.

Accordingly, Petitioner has failed to persuade this Court that it should deviate from its prior rulings. Because this is a "core" habeas challenge, the default rule applies. At the time he

4

filed his habeas petition and now, Petitioner was detained at the Bergen County Jail in Hackensack, New Jersey, which is in the District of New Jersey. Because Petitioner was confined in New Jersey at the time he filed this petition, and because the warden of the Bergen County Jail is his immediate custodian, the government's motion to transfer this petition to the United States District Court for the District of New Jersey is GRANTED. *See* 28 U.S.C. § 1406(a). Because this Court lacks jurisdiction over Darboe's confinement in New Jersey, the motion for Darboe's release pursuant to *Mapp v. Reno* 241 F.3d 221 (2d Cir. 2001), is also transferred to the District of New Jersey. *See Mapp*, 241 F.3d at 226 ("the federal courts have inherent authority to admit to bail individuals properly within their jurisdiction"). The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the District of New Jersey as expeditiously as feasible.[2]

It is SO ORDERED.

Dated: February 19, 2020
New York, New York

Edgardo Ramos, U.S.D.J.

---

[2] Local Civil Rule 83.1 provides that "the Clerk [of Court], unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of the case to the transferee court." To the extent this Local Rule applies, the Court hereby waives its application to the instant action.